UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
FILED
SEP 1 6 2019
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

---

JEREMIAH NOLAN, JR. and
SANDRA NOLAN, Individually
and as husband & wife,

        *Plaintiffs,*

   vs.

COUNTY OF ERIE, ERIE COUNTY SHERIFF'S
DEPARTMENT, TIMOTHY B. HOWARD,
MARK WIPPERMAN, THOMAS DIINA, and
JEFFREY HARTMAN,

        *Defendants.*

**NOTICE OF REMOVAL**

NYS Index No. 811352-2019

**19   CV1245** R

Civil Action No.

---

TO:   THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN
       DISTRICT OF NEW YORK:

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1441(b) and 1446, defendants

COUNTY OF ERIE, ERIE COUNTY SHERIFF'S  DEPARTMENT, TIMOTHY B. HOWARD,

MARK N. WIPPERMAN, THOMAS DIINA, and JEFFREY HARTMAN, hereby remove to

this Court the civil action filed in the Supreme Court of the State of New York, County of Erie,

as described below.

On September 5, 2019, plaintiffs JEREMIAH NOLAN, JR. and SANDRA NOLAN,

Individually and as husband and wife, filed a civil action against COUNTY OF ERIE, ERIE

COUNTY SHERIFF'S DEPARTMENT, TIMOTHY B. HOWARD, MARK N. WIPPERMAN,

THOMAS DIINA, and JEFFREY HARTMAN, Case Index Number: 811352/2019, in the

Supreme Court for the State of New York, County of Erie.

On September 9, 2019, plaintiffs served the Summons and Complaint in the above-

referenced state court action upon defendants. A copy of the Summons and Complaint in the

state court action are attached hereto as **Exhibit A**. Copies of the Affidavits of Service are attached as **Exhibit B**.

No further proceedings have been had in the state court action. Plaintiffs' Complaint contains a cause of action alleging violation of plaintiffs' civil rights under the Fourteenth Amendment rights under the United States Constitution.

Accordingly, this Court has original jurisdiction over the state court action under 28 U.S.C. §1331 (federal question) because it is a civil action that arises under the Constitution, laws, or treaties of the United States.

No previous application has been made for the relief requested herein.

Dated:  Buffalo, New York
    September 16, 2019

           **MICHAEL A. SIRAGUSA**
           *Erie County Attorney*

           Erin E. Molisani
           Assistant County Attorney
           95 Franklin Street, Room 1634
           Buffalo, New York 14202
           Telephone: (716) 858-2216
           Email: Erin.Molisani@erie.gov

To:  Steven M. Cohen, Esq.
   **HOGANWILLIG, PLLC**
   *Attorneys for plaintiffs*
   2410 North Forest Road, Suite 301
   Amherst, New York 14068
   Telephone: (716) 636-7600
   Email: scohen@hoganwillig.com

**Index of Documents**
**filed in State Court prior to removal**

Document                                                    <u>Date of Filing</u>

A.      Summons and Complaint                               September 5, 2019

B.      Affidavits of Service                               September 10, 2019

**CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2019, I mailed the foregoing Notice of Removal, by the United States Postal Service, to the following individuals:

Steven M. Cohen, Esq.
**HOGANWILLIG, PLLC**
*Attorneys for plaintiffs*
2410 North Forest Road, Suite 301
Amherst, New York 14068
Telephone: (716) 636-7600
Email: scohen@hoganwillig.com

Dated:      Buffalo, New York
            September 16, 2019

                            **MICHAEL A. SIRAGUSA**
                            *Erie County Attorney*

                            Erin E. Molisani
                            Assistant County Attorney
                            95 Franklin Street, Room 1634
                            Buffalo, New York 14202
                            Telephone: (716) 858-2216
                            Email: Erin.Molisani@erie.gov

# EXHIBIT A

FILED: ERIE COUNTY CLERK 09/05/2019 04:31 PM

NYSCEF DOC. NO. 1

INDEX NO. 811352/2019

RECEIVED NYSCEF: 09/05/2019

STATE OF NEW YORK
SUPREME COURT: COUNTY OF ERIE

———————————————————————

JEREMIAH NOLAN, JR. and
SANDRA NOLAN, Individually and as
Husband and Wife,
23 Dogwood Drive
Cheektowaga, New York 14227,

                                        Plaintiffs,

v.

COUNTY OF ERIE
95 Franklin Street
Buffalo, New York 14202,

ERIE COUNTY SHERIFF'S DEPARTMENT
10 Delaware Avenue
Buffalo, New York 14202,

TIMOTHY B. HOWARD
10 Delaware Avenue
Buffalo, New York 14202,

MARK N. WIPPERMAN
10 Delaware Avenue
Buffalo, New York 14202,

THOMAS DIINA
10 Delaware Avenue
Buffalo, New York 14202, and

JEFFREY HARTMAN
10 Delaware Avenue
Buffalo, New York 14202,

                                        Defendants.

———————————————————————

**SUMMONS**

**Index No.:**

TO THE ABOVE NAMED DEFENDANTS:

    **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action, and to

serve a copy of your Answer or, if the Complaint is not served with a Summons, to serve a

Notice of Appearance, on Plaintiffs' attorney within **twenty** (20) days after the service of this

{H2286567.1}

**HOGANWILLIG**
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

1

1 of 17

FILED: ERIE COUNTY CLERK 09/05/2019 04:31 PM

NYSCEF DOC. NO. 1

INDEX NO. 811352/2019

RECEIVED NYSCEF: 09/05/2019

Summons, exclusive of the day of service, or within **thirty** (30) days after completion of service where service is made in any other manner than by personal delivery within the State. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

This action is brought to you in ERIE COUNTY based upon Plaintiffs' residence, the county in which the municipal Defendants are located, and the locations of the incidents.

DATED:      September 5, 2019
               Amherst, New York

Steven M. Cohen, Esq.
William A. Lorenz, Jr., Esq.
HoganWillig, PLLC
*Attorneys for Plaintiffs*
2410 North Forest Road, Suite 301
Amherst, New York 14068
(716) 636-7600
scohen@hoganwillig.com

{II2286567.1}

2

**HOGANWILLIG**
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

2 of 17

FILED: ERIE COUNTY CLERK 09/05/2019 04:31 PM

NYSCEF DOC. NO. 1

INDEX NO. 811352/2019

RECEIVED NYSCEF: 09/05/2019

STATE OF NEW YORK
SUPREME COURT: COUNTY OF ERIE

JEREMIAH NOLAN, JR. and
SANDRA NOLAN, Individually and as
Husband and Wife,

                              Plaintiffs,

v.

COUNTY OF ERIE,
ERIE COUNTY SHERIFF'S DEPARTMENT,
TIMOTHY B. HOWARD,
MARK N. WIPPERMAN,
THOMAS DIINA, and
JEFFREY HARTMAN,

                              Defendants.

**COMPLAINT**

**Index No.:**

Plaintiffs JEREMIAH NOLAN, JR. and SANDRA NOLAN, Individually and as Husband and Wife, by and through their attorneys, HOGANWILLIG, PLLC, as and for their Complaint against Defendants COUNTY OF ERIE, ERIE COUNTY SHERIFF'S DEPARTMENT, TIMOTHY B. HOWARD, MARK N. WIPPERMAN, THOMAS DIINA, and JEFFREY HARTMAN herein, allege as follows:

1.     At all relevant times hereinafter mentioned, Plaintiffs were and still are citizens of the United States of America and residents of the County of Erie and State of New York, residing at 23 Dogwood Drive, Cheektowaga, New York 14227.

2.     At all relevant times hereinafter mentioned, Plaintiff Jeremiah Nolan, Jr. and Plaintiff Sandra Nolan are individuals residing in the County of Erie, State of New York, and are husband and wife.  Unless further specified, references to Plaintiff in the singular shall refer solely to Plaintiff Jeremiah Nolan, Jr.

HOGANWILLIG
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

FILED: ERIE COUNTY CLERK 09/05/2019 04:31 PM          INDEX NO. 811352/2019
NYSCEF DOC. NO. 1                                       RECEIVED NYSCEF: 09/05/2019

3.      Defendant County of Erie ("Defendant Erie County") was and is a municipal corporation organized and existing under the laws of the State of New York, with principal offices located at 95 Franklin Street, City of Buffalo, County of Erie, State of New York.

4.      Defendant County of Erie operated and maintained a department known as the Erie County Sheriff's Department ("Defendant Sheriff's Department"), with principal offices at 10 Delaware Avenue in City of Buffalo, County of Erie, and State of New York.

5.      Defendant Erie County Sheriff's Department is an entity under the control of an elected Sheriff, as provided for in the New York State Constitution Chapter XIII § 13(a), with principal offices located at 10 Delaware Avenue, Buffalo, NY 14202

6.      Defendant Timothy B. Howard ("Defendant Howard") was and still is a natural person residing in the County of Erie and State of New York, and at all times relevant herein, was the duly elected Sheriff of Erie County, New York.

7.      At all times hereinafter mentioned, Defendant Howard was and is an employee of Defendant Sheriff's Department, and Defendant County of Erie.

8.      At all times hereinafter mentioned, Defendant Mark N. Wipperman ("Defendant Wipperman") was and still is a natural person residing in the County of Erie and State of New York, and the duly designated Undersheriff of the County of Erie

9.      At all times hereinafter mentioned, Defendant Wipperman was and is an employee of Defendant Sheriff's Department, and Defendant County of Erie.

10.     Upon information and belief, at all times hereinafter mentioned, Defendant Thomas Diina ("Defendant Diina") was and still is a natural person residing in the County of Erie and State of New York.

{H2284353.3}                                                                2

HoganWillig
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com
4 of 17

FILED: ERIE COUNTY CLERK 09/05/2019 04:31 PM

NYSCEF DOC. NO. 1

INDEX NO. 811352/2019

RECEIVED NYSCEF: 09/05/2019

11.     Upon information and belief, at all times hereinafter mentioned, Defendant Diina was and is an employee of Defendant Sheriff's Department, and Defendant County of Erie.

12.     Upon information and belief, at all times hereinafter mentioned, Defendant Jeffrey Hartman ("Defendant Hartman") was and still is a natural person residing in the County of Erie and State of New York.

13.     Upon information and belief, at all times hereinafter mentioned, Defendant Hartman was and is an employee of Defendant Sheriff's Department, and Defendant County of Erie.

14.     This action arises under New York State law and under the United States Constitution, in particular under the provisions of the Fifth and Fourteenth Amendments to the Constitution, as further made applicable to the states pursuant to 42 U.S.C. 1983.

15.     At all relevant times stated herein, all activities giving rise to the instant action occurred within the State of New York.

16.     Each of the acts of Defendants Howard, Wipperman, Diina, and Hartman were performed in the course of their employment with Defendant Sheriff's Department and under the color and pretense of the law, statutes, ordinances, regulations, customs and usages of the State of New York and County of Erie, and under their authority and within the scope of their employment as police officers.

17.     Alternatively, each of the acts of Defendants Howard, Wipperman, Diina, and Hartman were done maliciously, intentionally, wantonly and/or negligently and performed outside the scope of their respective employments with Defendant Sheriff's Department or in excess of their authority pursuant to said employment.

{H2284353.3}

3

**HOGAN WILLIG**
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

5 of 17

FILED: ERIE COUNTY CLERK 09/05/2019 04:31 PM

INDEX NO. 811352/2019

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 09/05/2019

18.    Plaintiff sues Defendants Howard, Wipperman, Diina, and Hartman, public employees in both their official and individual capacities.

19.    On or about September 20, 2018, and within ninety (90) days after the incident herein sued upon accrued, Plaintiff served upon Municipal Defendants, through their duly authorized agents, a written Notice of Claim pursuant to Section 50-e of the General Municipal Law of the State of New York setting forth the time, place, nature, and manner in which the claim arose, followed by an Amended Notice of Claim on or about April 18, 2019.  A copy of the Amended Notice of Claim is attached hereto as **Exhibit A**.

20.    On or about July 5, 2019, Defendants' counsel served on Plaintiffs' attorneys a Notice of Examination Pursuant to Section 50-h of the General Municipal Law, scheduling Plaintiffs' examination for October 1, 2019.  A copy of Defendants' Notice is attached hereto as **Exhibit B**.

21.    That more than thirty (30) days have elapsed from the date the Notice of Claim was served and, at the time of this Complaint, Defendants have made no offers to settle this claim.

22.    This action is being commenced within one (1) year and ninety (90) days from the date the claims based upon New York State law accrued.

23.    Venue is proper in Erie County based upon Plaintiff's residence and the locations of the incidents.

24.    That New York State Supreme Court, Erie County, has subject matter jurisdiction over Defendants.

25.    That the amount in controversy exceeds the jurisdictional amount of New York's lower courts and that this is a proper forum for this matter.

{H2284353.3}

4

FILED: ERIE COUNTY CLERK 09/05/2019 04:31 PM
NYSCEF DOC. NO. 1

INDEX NO. 811352/2019
RECEIVED NYSCEF: 09/05/2019

## FACTS PERTAINING TO ALL CLAIMS

26.      On or about May 27, 2018, Plaintiff Jeremiah Nolan, Jr. ("Plaintiff") was lawfully present and working on Defendant Sheriff Department's facility at Erie County Medical Center.

27.      Upon information and belief, on or about May 27, 2018, Plaintiff, during the course of his employment, found a magazine pouch in the desk drawer of Defendant Sheriff Department's office, located on the ninth floor of Erie County Medical Center ("ECMC Office") and, based on written directives detailed in said ECMC Office, Plaintiff moved the magazine pouch to the top of a gun box in said ECMC Office.

28.      On or about June 2, 2018, Plaintiff was informed by his union representative that there was an allegation that Plaintiff stole an ammunition magazine, and not just a magazine pouch, from the ECMC Office.

29.      On or about June 7, 2018, Plaintiff received a call from an agent and/or employee of Defendant Erie County and/or Defendant Sheriff's Department directing Plaintiff to report to the Captain's Office of Defendant Sheriff's Department.

30.      On or about June 8, 2018, as directed, Plaintiff met with Defendant Hartman and was given the option to either resign from the employment of Defendant Sheriff's Department or criminal charges would be filed against him and he would be arrested that day.

31.      Plaintiff attempted to explain the circumstances surrounding the accusation, explained it was a magazine pouch without a magazine, where he put it and why, and Defendants refused to listen.

{H2284353.3}

**HoganWillig**
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

5

7 of 17

FILED: ERIE COUNTY CLERK 09/05/2019 04:31 PM
NYSCEF DOC. NO. 1

INDEX NO. 811352/2019

RECEIVED NYSCEF: 09/05/2019

32.     On or about the same day, June 8, 2018, Plaintiff received a letter from Defendant Sheriff's Department, signed by Defendants Diina and Hartman, informing him that he was on administrative leave without pay and was ordered to home confinement.

33.     The order of home confinement was improper, unlawful and without legal justification.

34.     Plaintiff was improperly and without legal justification confined to his home from June 8, 2018 through June 14, 2018.

35.     All attempts by Plaintiff to explain the facts of the situation, and the errors and legal insufficiencies of and committed by Defendants were futile.

36.     On or about June 22, 2018, Plaintiff's employment with Defendant Sheriff's Department was, as a result of an intentionally deficient and improper and negligent investigation, wrongfully terminated by Defendants Wipperman, Diina and Hartman, in their official capacities and by Defendants County of Erie, and Erie County Sheriff's Department.

37.     As a result of the foregoing, Plaintiff had night terrors, increasing in frequency and intensity.  Plaintiff's symptoms included: feelings of paranoia, duress, chest pains, trouble breathing, severe sweating, and disorientation upon waking up.

38.     Plaintiff's night terrors consisted of employees from work, Plaintiff's superiors involved with this incident, hunting and harming him, always resulting in severe injury or near death to Plaintiff.

39.     On or about June 26, 2018, Plaintiff was arrested and charged with Petit Larceny, a Class-A misdemeanor, under Penal Law 155.25.

40.     As a career law enforcement officer, the charge, if sustained, would forever be an impediment to future employment as a police officer.

{H2284353.3}

6

**HoganWillig**
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

8 of 17

FILED:  ERIE COUNTY CLERK 09/05/2019 04:31 PM

NYSCEF DOC. NO. 1

INDEX NO. 811352/2019

RECEIVED NYSCEF: 09/05/2019

41.    On or about June 26, 2018, Defendant Howard published and/or released the following defamatory statement to various press and media outlets regarding Plaintiff, "I cannot understand how a sworn officer could take another officer's lifeline—the magazines for his duty gun.  It was evident that his misconduct warranted his termination."

42.    On or about December 17, 2018, after intense criminal proceedings culminating in an exhausting and expensive trial, Plaintiff was fully acquitted of the aforementioned charges by the Honorable Craig D. Hannah, Chief Judge of Buffalo City Court.

43.    On or about December 22, 2018, following the verdict of acquittal, Plaintiff was advised he would be reinstated by Defendant Sheriff's Department.

44.    Upon reinstatement, Plaintiff was advised by Defendants and his Union that he was entitled to full back payment and wages during the time of his wrongful termination.  To date, Plaintiff has not been provided with the payment of said back payment and/or wages.

45.    On or about March 26, 2019, Plaintiff returned to work.

46.    Upon returning to work, Plaintiff experienced hostility and retaliation from agents and/or employees of all Defendants herein.

47.    The stress of the negative publicity, termination, hostility and retaliation by Defendants against Plaintiff Jeremiah Nolan, Jr. affected both Plaintiffs profoundly and caused great stress to Sandra Nolan and Jeremiah Nolan, Jr.

48.    Plaintiff has a history of asserting his rights and filing grievances through proper channels against the Defendants herein.

49.    Plaintiff has a history of seeking legal redress against Defendants for conduct Plaintiff deemed illegal or wrong.  Defendants have been resentful of Plaintiff for seeking such redress.

{H2284353.3}

7

HoganWillig
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll-free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com
9 of 17

FILED: ERIE COUNTY CLERK 09/05/2019 04:31 PM

NYSCEF DOC. NO. 1

INDEX NO. 811352/2019

RECEIVED NYSCEF: 09/05/2019

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS: WRONGFUL TERMINATION

50.     Plaintiffs repeat and re-allege each and every allegation of this Complaint numbered "1" through "49" with the same force and effect as if more fully set forth herein.

51.     On or about June 22, 2018, Plaintiff's employment with Defendant Sheriff's Department was, as a result of an improper and negligent investigation, wrongfully terminated by all defendants herein.

52.     On or about December 22, 2018, Plaintiff was reinstated by Defendant Sheriff's Department and was entitled to the payment of back payment and wages of which Plaintiff was deprived during the time of his wrongful termination.

53.     To date, Plaintiff has not been provided with the payment of back payment and wages.

54.     As a result of the foregoing wrongful termination, Plaintiffs have been financially injured and damaged, and were subjected to humiliation and embarrassment, all to Plaintiffs' damage in a sum exceeding the jurisdictional limits of all lower courts.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS: ADMINISTRATIVE NEGLIGENCE

55.     Plaintiffs repeat and re-allege each and every allegation of this Complaint numbered "1" through "54" with the same force and effect as if more fully set forth herein.

56.     Defendants individually and through their agents, servants, and/or employees, failed to use due care to conduct a proper investigation, which led to a negligent investigation and false charges being brought against Plaintiff Jeremiah Nolan, Jr.

57.     The negligent investigation was a proximate cause of the wrongful termination of Plaintiff.

HoganWillig

Attorneys at Law

2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068

Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

FILED: ERIE COUNTY CLERK 09/05/2019 04:31 PM

NYSCEF DOC. NO. 1

INDEX NO. 811352/2019

RECEIVED NYSCEF: 09/05/2019

58.     The negligent investigation led to Plaintiff being arrested and forced to appear in a court of law for a crime he did not commit and was in fact acquitted of.

59.     As a result of the foregoing, Plaintiffs have been financially injured and damaged, and were subjected to humiliation and embarrassment, all to Plaintiffs' damage in a sum exceeding the jurisdictional limits of all lower courts.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS: DEFAMATION PER SE

60.     Plaintiffs repeat and re-allege each and every allegation of this Complaint numbered "1" through "59" with the same force and effect as if more fully set forth herein.

61.     On or about June 26, 2018, Defendant Howard released the following defamatory statement to various press and media outlets regarding Plaintiff Jeremiah, "I cannot understand how a sworn officer could take another officer's lifeline—magazines for his duty gun.  It was evident that his misconduct warranted his termination."

62.     On or about June 26, 2018, based on the statement of Defendant Howard, a news outlet released an article titled, "What one Erie County Sheriff's deputy did that got him arrested and fired," referring to Plaintiff.

63.     The article contained Defendant Howard's statement regarding Plaintiff, "I cannot understand how a sworn officer could take another officer's lifeline—magazines for his duty gun.  It was evident that his misconduct warranted his termination."

64.     Defendant Howard falsely accused Plaintiff of committing crimes and/or conduct involving moral turpitude.

65.     Defendant Howard's statements were false when made.

66.     Defendant Howard's false statements were made with malice.

{H2284353.3}

9

**HoganWillig**
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

11 of 17

FILED: ERIE COUNTY CLERK 09/05/2019 04:31 PM

NYSCEF DOC. NO. 1

INDEX NO. 811352/2019

RECEIVED NYSCEF: 09/05/2019

67.     Defendant Howard knew or should have known the statements were false or should have had serious doubts about their truth, and published the statements anyway, with a reckless disregard of the probable falsity.

68.     As a result of the Plaintiffs' false and defamatory statements, Plaintiffs have incurred losses, damages, and special damages, including out of pocket pecuniary losses, all of which exceed the jurisdictional limits of all lower courts.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS: HARASSMENT

69.     Plaintiffs repeat and re-allege each and every allegation of this Complaint numbered "1" through "68" with the same force and effect as if more fully set forth herein.

70.     Upon reinstatement as a police officer, Plaintiff received from agents of all Defendants herein, threatening comments, harassing behavior, denial to use restroom, etc, which rendered Plaintiff Jeremiah Nolan, Jr. deeply emotionally distraught.

71.     On or about February 13, 2019, although Plaintiff submitted the required doctor's notes, Plaintiff's extended sick leave was abruptly stopped without just cause.

72.     On or about March 25, 2019, an agent of Defendants', Lieutenant Adamek said, "Looks like you burnt too many bridges around here" and caused and forced Plaintiff to work an additional eight hour shift, contrary to the overtime restrictions Plaintiff had from FMLA, at the instance of Defendants herein.

73.     On or about March 25, 2019, Lieutenant Adamek wrote up Plaintiff for leaving his post under circumstances which didn't warrant that sanction, all at the instance of Defendants herein.

74.     Upon information and belief, at the instance of Defendants herein, Plaintiff was targeted for leaving his post, while other employees were not, for conduct that was part of the

{H2284353.3}

**HoganWillig**
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

10

12 of 17

FILED: ERIE COUNTY CLERK 09/05/2019 04:31 PM

NYSCEF DOC. NO. 1

INDEX NO. 811352/2019

RECEIVED NYSCEF: 09/05/2019

routine pattern and practice of officers which had never constituted the offense of leaving one's post.

75.     On or about March 28, 2019, Deputy Marc Scarpace verbally assaulted Plaintiff in the men's locker room at ECHC.  The verbal assault consisted of Deputy Marc Scarpace telling Plaintiff to "fuck yourself" in front of other people.

76.     Upon information and belief, Deputy Scarpace's conduct was at the behest and instance of the Defendants herein.

77.     On or about March 28, 2019, Plaintiff reported the incident and filled out a complaint form against Deputy Scarpace that Defendants refused to process or act on.

78.     On or about April 5, 2019, Plaintiff was directed to return his hard copy binder, and given a CD in place of his Policy and Procedures Hard Copy Binder ("P&P").  Plaintiff was the only deputy asked to turn in their hardcopy P&P.

79.     On or about April 23, 2019, Plaintiff was written up for exhaustion of his FMLA time despite having eight hours remaining.

80.     On or about May 30, 2019, during a meeting with Professional Standards Division ("PSD"), Chief Union Steward Deputy Mark Geary stated that the behaviors inflicted upon Plaintiff are an outright and blatant "witchhunt."

81.     As a result of the foregoing, Plaintiffs have been injured and damaged, and were subjected to humiliation and embarrassment, all to Plaintiffs' damage in a sum exceeding the jurisdictional limits of all lower courts.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANTS: VIOLATION OF PLAINTIFFS' CIVIL RIGHTS

82.     Plaintiffs repeat and re-allege each and every allegation of this Complaint numbered "1" through "81" with the same force and effect as if more fully set forth herein.

{H2284353.3}

11

HOGANWILLIG
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

13 of 17

FILED: ERIE COUNTY CLERK 09/05/2019 04:31 PM

NYSCEF DOC. NO. 1

INDEX NO. 811352/2019

RECEIVED NYSCEF: 09/05/2019

83.     Plaintiff's employment with Defendant Sheriff's Department was, as a result of an improper deficient, intentionally non-professional, non-thorough and negligent investigation, wrongfully terminated by Defendants Sheriff's Department, County of Erie, Wipperman, Diina, and Hartman, in direct violation of Plaintiff's civil rights under the United States Constitution.

84.     Defendants County of Erie and Erie County Sheriff's Department had a custom, policy and practice of retaliating against officers who sought legal redress against the Defendants herein.

85.     The aforesaid conduct employed during the harassment, termination of Plaintiff's employment, and arrest was in direct violation of Plaintiff's civil rights under the Fourteenth Amendment of the United States Constitution to be secure against deprivations of liberty without due process of law, and constituted Tortious Conduct under New York State Law.

86.     The aforesaid conduct of Defendants was pursuant to a policy and custom of Defendants County of Erie and Erie County Sheriff's Department.

87.     As a result of the foregoing, Plaintiffs have been injured and damaged, and was subjected to humiliation and embarrassment, all to Plaintiffs' damage in a sum exceeding the jurisdictional limits of all lower courts.

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANTS: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

88.     Plaintiffs repeat and re-allege each and every allegation of this Complaint numbered "1" through "87" with the same force and effect as if more fully set forth herein.

89.     Defendants' actions in conducting an improper and negligent and deficient investigation leading to the termination of Plaintiff's job, arrest, and harassment of and retaliation against Plaintiff were outrageous, shocking and exceeded all reasonable bounds of decency.

{H2284353.3}

HoganWillig
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

FILED: ERIE COUNTY CLERK 09/05/2019 04:31 PM

NYSCEF DOC. NO. 1

INDEX NO. 811352/2019

RECEIVED NYSCEF: 09/05/2019

90.    That the aforesaid actions of the individual Defendants were taken with the intention of causing Plaintiff severe emotional distress such that Plaintiff would resign his position.

91.    The aforesaid actions of the individual Defendants, and their agents identified herein, were performed in the furtherance of their respective employment with Defendant Sheriff's Department.

92.    As a result of the foregoing, Plaintiffs have been injured and damaged, and were subjected to humiliation and embarrassment, all to Plaintiffs' damage in a sum exceeding the jurisdictional limits of all lower courts.

## AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

93.    Plaintiffs repeat and re-allege each and every allegation of this Complaint numbered "1" through "92" with the same force and effect as if more fully set forth herein.

94.    That Defendants had a duty to not unlawfully interfere with Plaintiff's employment and liberty.

95.    That Defendants breached that duty.

96.    The Defendants followed the policies and procedures of Defendants County of Erie and Erie County Sheriff's Department which tolerates such tortious conduct in instances where an unpopular or disliked officer, by virtue of his having filed claims against Defendants, is the target.

97.    The aforesaid actions of the individual Defendants caused Plaintiffs severe emotional distress.

{H2284353.3}

13

HoganWillig
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

15 of 17

FILED: ERIE COUNTY CLERK 09/05/2019 04:31 PM          INDEX NO. 811352/2019

NYSCEF DOC. NO. 1                                      RECEIVED NYSCEF: 09/05/2019

98.     The aforesaid actions of the individual Defendants caused Plaintiffs to fear for their physical safety.

99.     The aforesaid incidents were caused wholly and solely as a consequence of the carelessness of the individual Defendants and without any negligence on the part of Plaintiff contributing thereto.

100.    The aforesaid actions of the individual Defendants were performed in the furtherance of their respective employment with Defendant Sheriff's Department.

101.    Alternatively, the conduct of Defendants Howard, Wipperman, Diina and Hartman was done on an individual basis.

102.    As a result of the foregoing, Plaintiffs have been injured and damaged, and were subjected to humiliation and embarrassment, all to Plaintiffs' damage in a sum exceeding the jurisdictional limits of all lower courts.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
## AGAINST ALL DEFENDANTS: LOSS OF CONSORTIUM

103.    Plaintiffs repeat and re-allege each and every allegation of this Complaint numbered "1" through "102" with the same force and effect as if more fully set forth herein.

104.    Now, and at all relevant times indicated above, Plaintiff Sandra Nolan was and is the lawful wife of Plaintiff Jeremiah Nolan, Jr.

105.    As the lawful wife of Plaintiff Jeremiah Nolan, Jr., Plaintiff Sandra Nolan is entitled to the society, affection, companionship, aid, and consortium of her husband, Jeremiah Nolan, Jr.

106.    As a result of the negligence and deprivation of liberty by Defendants in conjunction with the wrongful termination inflicted upon Plaintiff Jeremiah Nolan, Jr., Plaintiff

{H2284353.3}                                                14

**HOGANWILLIG**
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com
16 of 17

FILED: ERIE COUNTY CLERK 09/05/2019 04:31 PM

NYSCEF DOC. NO. 1

INDEX NO. 811352/2019

RECEIVED NYSCEF: 09/05/2019

Sandra Nolan lost the society, affection, companionship, aid and consortium of her husband that she enjoyed prior to the acts of Defendants.

107.    As a result of the foregoing, Plaintiffs have been injured and damaged, and was subjected to humiliation and embarrassment, all to Plaintiffs' damage in a sum exceeding the jurisdictional limits of all lower courts.

**WHEREFORE**, Plaintiffs demand judgment in an amount to be determined upon the trial of this action, together with the costs and disbursements of this action, including attorneys' fees, and for such other and further relief to Plaintiffs as this Court may deem just and proper.

DATED:    September 5, 2019
          Amherst, New York

Steven M. Cohen, Esq.
William A. Lorenz, Jr., Esq.
HoganWillig, PLLC
*Attorneys for Plaintiffs*
2410 North Forest Road, Suite 301
Amherst, New York 14068
(716) 636-7600
scohen@hoganwillig.com

{H2284353.3}

15

HoganWillig
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

17 of 17

# EXHIBIT B

FILED: ERIE COUNTY CLERK 09/10/2019 12:09 PM

NYSCEF DOC. NO. 4

INDEX NO. 811352/2019

RECEIVED NYSCEF: 09/10/2019

Affidavit of Service
Blank County                                            225 B                          Published by David F. Williamson Co., Inc.
                                                                                        Buffalo, New York

_SUPREME_ Court _COUNTY OF ERIE_

JEREMIAH NOLAN, JR, and SANDRA NOLAN
Individually and as Husband and Wife
                                                        Plaintiff.

                                    —vs—

COUNTY OF ERIE
ERIE COUNTY SHERIFF'S DEPARTMENT   Index No. 811352/2019
ET AL
                                        Defendant.

**AFFIDAVIT OF SERVICE
ON AN INDIVIDUAL
OR CORPORATION**

Index No. 811352/2019

State of New York
County of ERIE           } ss.:

MICHAEL MEADOWS _____ being duly sworn, deposes and says that   he is over
18 years of age and not a party to this action; that on the 9th   day of SEPTEMBER 2019
at approximately PM 11:25 AM at 10 DELAWARE AVENUE  BUFFALO
New York deponent served the annexed Summons Complaint on TIMOTHY B. HOWARD
the defendant named herein, in the following manner: NOTICE OF E-FILING

☐ Individual   By delivering to and leaving with said _____ personally
               a true copy thereof, and that he knew the person so served to be _____
               _____ the person mentioned and described in said _____

☐ Corporation  By delivering to and leaving with _____ and he knew
               the person so served to be _____ of defendant corporation

☒ Responsible  By delivering to and leaving with MICKIE PAWLENSKI  ASSISTANT TO THE SHERIFF ) a
   Person      true copy thereof, a person of suitable age and discretion.  Said premises being the defendants (dwelling
               place) (usual place of abode) (place of business) within the State of New York.

☐ Substituted  By affixing a true copy thereof to the door of said premises the same being the defendants (dwelling place)
   Service     (usual place of abode) (place of business) within the State of New York.

☐ Mail         Deponent also served a copy of the _____ by depositing a true copy of the same in a post-
               paid, properly addressed envelope in an official depository under the exclusive care and custody of the United
               States post office in the State of New York

☐ Previous     Deponent had previously attempted to serve the above-named defendant(s) pursuant to CPLR Sec. 308
   Attempt(s)  at .................... on the ......... day of ................ ....  PM .... AM
               at .................... on the ......... day of ................ ....  PM .... AM
               at .................... on the ......... day of ................ ....  PM .... AM

☒ Description  The person served would be described as approximately  55  years of age   120  lbs.
               5 ft.  5  in.  male  XX female  BLONDE  hair  WHITE  skin
               HAZEL  eyes   other  WORE GLASSES

☒ Military     To my best knowledge, information and belief the said defendant at the time of service was not engaged in
               military service of the United States.

Sworn to before me this 10th   day of
SEPTEMBER 2019
_Stephanie M. Sweeney_
Notary Public & Commissioner of Deeds

_Michael Meadows_

STEPHANIE M. SWEENEY
Notary Public, State of New York
Qualified in Niagara County
Commission Expires 3/22/20   1

FILED: ERIE COUNTY CLERK 09/10/2019 12:09 PM

NYSCEF DOC. NO. 5

INDEX NO. 811352/2019

RECEIVED NYSCEF: 09/10/2019

Affidavit of Service
Blank County                          225 B

Published by David F. Williamson Co., Inc
Buffalo, New York

_SUPREME_ Court _COUNTY OF ERIE._

JEREMIAH NOLAN, Jr. and SANDRA NOLON
Individually, and as Husband and Wife,
                                        Plaintiff,

**AFFIDAVIT OF SERVICE
ON AN INDIVIDUAL
OR CORPORATION**

— vs —

COUNTY OF ERIE
ERIE COUNTY SHERIFF'S DEPARTMENT
ET AL                                   Index No. 811352/2019
                                        Defendant.

State of New York
County of ERIE    } ss.:

MICHAEL MEADOWS being duly sworn, deposes and says that he is over 18 years of age and not a party to this action; that on the 9th day of SEPTEMBER 2019 at approximately PM 11:25 AM at 10 DELAWARE AVENUE BUFFALO New York deponent served the annexed Summons Complaint on ERIE COUNTY SHERIFF'S DEPARTMENT the defendant named herein, in the following manner: NOTICE OF E-FILING

☐ **Individual**  By delivering to and leaving with said _____ personally a true copy thereof, and that he knew the person so served to be _____ _____ the person mentioned and described in said _____

☒ **Corporation**  By delivering to and leaving with MICKIE PAWENSKI and he knew the person so served to be ASSISTANT TO THE SHERIFF of defendant corporation

☐ **Responsible Person**  By delivering to and leaving with _____ ( ) a true copy thereof, a person of suitable age and discretion. Said premises being the defendants (dwelling place) (usual place of abode) (place of business) within the State of New York.

☐ **Substituted Service**  By affixing a true copy thereof to the door of said premises the same being the defendants (dwelling place) (usual place of abode) (place of business) within the State of New York.

☐ **Mail**  Deponent also served a copy of the _____ by depositing a true copy of the same in a post-paid, properly addressed envelope in an official depository under the exclusive care and custody of the United States post office in the State of New York

☐ **Previous Attempt(s)**  Deponent had previously attempted to serve the above-named defendant(s) pursuant to CPLR Sec. 308
at ................................ on the .......... day of ................ ...... PM ..... AM
at ................................ on the .......... day of ................ ...... PM .... AM
at ................................ on the .......... day of ................ ...... PM .... AM

☒ **Description**  The person served would be described as approximately 55 years of age 125 lbs. 5 ft. 5 in. male xx female BLONDE hair WHITE skin HAZEL eyes other WORE GLASSES

☒ **Military**  To my best knowledge, information and belief the said defendant at the time of service was not engaged in military service of the United States.

Sworn to before me this 10th day of
SEPTEMBER 2019

_Stephanie M. Sweeney_
Notary Public or Commissioner of Deeds

_Michael Meadows_

STEPHANIE M. SWEENEY
Notary Public, State of New York
Qualified in Niagara County
Commission Expires 3/22/2021

Page 1

FILED: ERIE COUNTY CLERK 09/10/2019 12:09 PM

INDEX NO. 811352/2019

NYSCEF DOC. NO. 6

RECEIVED NYSCEF: 09/10/2019

Affidavit of Service
Blank County                                225 B                    Published by David F. Williamson Co. Inc
                                                                                    Buffalo, New York

_SUPREME_ Court _COUNTY OF ERIE_

JEREMIAH NOLAN, JR. and SANDRA NOLON
Individually. and as Husband and Wife
                                                        Plaintiff,

—vs—                   :

COUNTY OF ERIE
ERIE COUNTY SHERIFF'S DEPARTMENT
ET AL                                        Defendant.

**AFFIDAVIT OF SERVICE
ON AN INDIVIDUAL
OR CORPORATION**

Index No. 811352/2019

State of New York
County of ERIE        } ss..

MICHAEL MEADOWS _____ being duly sworn, deposes and says that he is over
18 years of age and not a party to this action; that on the _7th_ day of SEPTEMBER 2019
at approximately _____ PM 11.16 AM at 75 FRANKLIN STREET , BUFFALO _____
New York deponent served the annexed Summons COMPLAINT on COUNTY OF ERIE
the defendant named herein, in the following manner: + NOTICE OF E-FILING

☐ Individual    By delivering to and leaving with said _____ personally
                a true copy thereof, and that he knew the person so served to be _____
                _____ the person mentioned and described in said _____

☒ Corporation   By delivering to and leaving with ERIN E. MOLISANI _____ and he knew
                the person so served to be ASSISTANT COUNTY ATTORNEY of defendant corporation

☐ Responsible   By delivering to and leaving with _____ ( ) a
   Person       true copy thereof, a person of suitable age and discretion. Said premises being the defendants (dwelling
                place) (usual place of abode) (place of business) within the State of New York.

☐ Substituted   By affixing a true copy thereof to the door of said premises the same being the defendants (dwelling place)
   Service       (usual place of abode) (place of business) within the State of New York.

☐ Mail          Deponent also served a copy of the _____ by depositing a true copy of the same in a post-
                paid, properly addressed envelope in an official depository under the exclusive care and custody of the United
                States post office in the State of New York

☐ Previous      Deponent had previously attempted to serve the above-named defendant(s) pursuant to CPLR Sec. 308
   Attempt(s)    at ........................ on the ......... day of .............. .... ...... PM ..... AM
                at ........................ on the ......... day of .............. .... ...... PM ..... AM
                at ........................ on the ......... day of .............. .... ...... PM ..... AM

☒ Description   The person served would be described as approximately 3O years of age 140 lbs.
                5 ft. 5 in. ___ male XY female BROWN hair WHITE skin
                HAZEL eyes          other _____

☒ Military      To my best knowledge, information and belief the said defendant at the time of service was not engaged in
                military service of the United States.

Sworn to before me this _10th_ day of
SEPTEMBER 2019

_Stephanie M. Sweeney_
Notary Public or Commissioner of Deeds

Michael Meadows

**STEPHANIE M. SWEENEY**
Notary Public, State of New York
Qualified in Niagara County
Commission Expires 3/22/2O of 1

FILED: ERIE COUNTY CLERK 09/10/2019 12:09 PM

NYSCEF DOC. NO. 7

INDEX NO. 811352/2019

RECEIVED NYSCEF: 09/10/2019

Affidavit of Service
Blank County                              225 B                    Published by David F. Wilkinson Co., Inc.
                                                                    Buffalo, New York

SUPREME Court    COUNTY OF ERIE

JEREMIAH NOLAN, Jr., and SANDRA NOLAN
Individually, and as Husband and Wife
                                                    Plaintiff,

            — vs —

COUNTY OF ERIE
ERIE COUNTY SHERIFF'S DEPARTMENT
ET AL
                                                    Defendant.

**AFFIDAVIT OF SERVICE
ON AN INDIVIDUAL
OR CORPORATION**

Index No. 811352/2019

State of New York
County of ERIE                    } ss.:

MICHAEL MEADOWS _____ being duly sworn, deposes and says that    he is over
18 years of age and not a party to this action; that on the 9th day of SEPTEMBER 2019
at approximately _____ PM 11:25 AM at 10 DELAWARE AVENUE BUFFALO
New York deponent served the annexed Summons & Complaint on MARK N. WIPPERMAN
the defendant named herein, in the following manner: NOTICE OF E-FILING

☐ Individual    By delivering to and leaving with said _____ personally
a true copy thereof, and that he knew the person so served to be _____
_____ the person mentioned and described in said _____

☐ Corporation    By delivering to and leaving with _____ and he knew
the person so served to be _____ of defendant corporation

☒ Responsible    By delivering to and leaving with MICKIE PAWLEWSKI - ASSISTANT TO THE SHERIFF    ) a
Person    true copy thereof, a person of suitable age and discretion.  Said premises being the defendants (dwelling
~~place) (usual place of abode)~~ (place of business) within the State of New York.

☐ Substituted    By affixing a true copy thereof to the door of said premises the same being the defendants (dwelling place)
Service    (usual place of abode) (place of business) within the State of New York.

☐ Mail    Deponent also served a copy of the _____ by depositing a true copy of the same in a post-
paid, properly addressed envelope in an official depository under the exclusive care and custody of the United
States post office in the State of New York

☐ Previous    Deponent had previously attempted to serve the above-named defendant(s) pursuant to CPLR Sec. 308
Attempt(s)    at ......................... on the ......... day of ................... ...... ...... PM ..... AM
at ......................... on the ......... day of ................... ...... ...... PM ..... AM
at ......................... on the ......... day of ................... ...... ...... PM ..... AM

☒ Description    The person served would be described as approximately. 55 years of age 120 lbs.
5 ft. 5 in. male x female BLONDE hair WHITE skin
HAZEL eyes    other WORE GLASSES

☒ Military    To my best knowledge, information and belief the said defendant at the time of service was not engaged in
military service of the United States.

Sworn to before me this 10th day of
SEPTEMBER 2019
Stephanie M. Sweeney
Notary Public or Commissioner of Deeds

Michael Meadows

STEPHANIE M. SWEENEY
Notary Public, State of New York
Qualified in Niagara County
Commission Expires 3/22/2021

FILED: ERIE COUNTY CLERK 09/10/2019 12:09 PM          INDEX NO. 811352/2019

NYSCEF DOC. NO. 8                                    RECEIVED NYSCEF: 09/10/2019

STATE OF NEW YORK
SUPREME COURT: COUNTY OF ERIE

JEREMIAH NOLAN, JR. and
SANDRA NOLAN, Individually and as
Husband and Wife,

                              Plaintiffs,                **AFFIDAVIT OF SERVICE
                                                         BY MAIL**

v.                                                       **Index No.: 811352/2019**

COUNTY OF ERIE,
ERIE COUNTY SHERIFF'S DEPARTMENT,
TIMOTHY B. HOWARD,
MARK N. WIPPERMAN,
THOMAS DIINA, and
JEFFREY HARTMAN,

                              Defendants.

 

       Stephanie M. Sweeney, being duly sworn deposes and says, deponent is not a party to the action, is over 18 years of age and resides in Niagara County, New York. On September 10, 2019, deponent mailed a copy of the Notice of Electronic Filing, Summons and Complaint to:

TIMOTHY B. HOWARD                          MARK N. WIPPERMAN
10 Delaware Avenue                          10 Delaware Avenue
Buffalo, New York 14202,                    Buffalo, New York 14202,

by depositing a true copy of the same in postpaid properly addressed plain wrapper bearing the legend "personal and confidential", and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, by first class mail, and in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

                                           Stephanie M. Sweeney

Sworn to before me on the 10th day
of September, 2019.

Notary Public
                                           **Patricia M. Ifkovich
                                           Notary Public, State of New York
                                           Qualified in Erie County
                                           My Commission Expires Aug. 3, 20_22_**

                    HOGANWILLIG
                    Attorneys at Law
   2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
   Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

{H2385104.1}

FILED: ERIE COUNTY CLERK 09/11/2019 11:11 AM

NYSCEF DOC. NO. 9

INDEX NO. 811352/2019

RECEIVED NYSCEF: 09/11/2019

Affidavit of Service
Blank County                    225 B

Published by David F. Williamson Co., Inc.
Buffalo, New York

*SUPREME* Court *COUNTY OF ERIE*

JEREMIAH NOLAN, Jr. and SANDRA NOLAN
Individually, and as Husband and Wife,
                                                  Plaintiff,

— vs —

COUNTY OF ERIE
ERIE COUNTY SHERIFF'S DEPARTMENT
ET AL
                                                  Defendant.

**AFFIDAVIT OF SERVICE
ON AN INDIVIDUAL
OR CORPORATION**

Index No. 811352/2019

State of New York
County of *ERIE*          } ss.:

*MICHAEL MEADOWS* being duly sworn, deposes and says that he is over 18 years of age and not a party to this action; that on the *9th* day of *SEPTEMBER 2019* at approximately ~~PM~~ *11:25* AM at *10 DELAWARE AVENUE BUFFALO* New York deponent served the annexed *Summons, Complaint* on *THOMAS DIINA* the defendant named herein, in the following manner: *NOTICE OF E-FILING*

☐ **Individual**   By delivering to and leaving with said _____ personally a true copy thereof, and that he knew the person so served to be _____ the person mentioned and described in said _____

☐ **Corporation**   By delivering to and leaving with _____ and he knew the person so served to be _____ of defendant corporation

☒ **Responsible Person**   By delivering to and leaving with *MICKIE PADENSKI - ASSISTANT TO THE SHERIFF* a true copy thereof, a person of suitable age and discretion. Said premises being the defendants (~~dwelling place) (usual place of abode~~) (place of business) within the State of New York.

☐ **Substituted Service**   By affixing a true copy thereof to the door of said premises the same being the defendants (dwelling place) (usual place of abode) (place of business) within the State of New York.

☐ **Mail**   Deponent also served a copy of the _____ by depositing a true copy of the same in a post-paid, properly addressed envelope in an official depository under the exclusive care and custody of the United States post office in the State of New York

☐ **Previous Attempt(s)**   Deponent had previously attempted to serve the above-named defendant(s) pursuant to CPLR Sec. 308
at ........................ on the ......... day of ............... ...... ..... PM ..... AM
at ........................ on the ......... day of ............... ...... ..... PM ..... AM
at ........................ on the ......... day of ............... ...... ..... PM ..... AM

☒ **Description**   The person served would be described as approximately *55* years of age *120* lbs.
*5* ft. *6* in. ___ male *xx* female *BLONDE* hair *WHITE* skin *HAZEL* eyes other *WORE GLASSES*

☒ **Military**   To my best knowledge, information and belief the said defendant at the time of service was not engaged in military service of the United States.

Sworn to before me this *10th* day of
*SEPTEMBER 2019*

*Stephen M. Sweeney*
Notary Public or Commissioner of Deeds

*michael meadows*

STEPHANIE M. SWEENEY
Notary Public, State of New York
Qualified in Niagara County
Commission Expires 3/22/___

FILED: ERIE COUNTY CLERK 09/11/2019 11:11 AM   INDEX NO. 811352/2019

NYSCEF DOC. NO. 11                                                RECEIVED NYSCEF: 09/11/2019

STATE OF NEW YORK
SUPREME COURT: COUNTY OF ERIE

JEREMIAH NOLAN, JR. and
SANDRA NOLAN, Individually and as
Husband and Wife,

                                    Plaintiffs,          **AFFIDAVIT OF SERVICE
                                                         BY MAIL**

v.                                                       **Index No.: 811352/2019**

COUNTY OF ERIE,
ERIE COUNTY SHERIFF'S DEPARTMENT,
TIMOTHY B. HOWARD,
MARK N. WIPPERMAN,
THOMAS DIINA, and
JEFFREY HARTMAN,

                                    Defendants.

---

Stephanie M. Sweeney, being duly sworn deposes and says, deponent is not a party to the action, is over 18 years of age and resides in Niagara County, New York. On September 11, 2019, deponent mailed a copy of the Notice of Electronic Filing, Summons and Complaint to:

THOMAS DIINA                              JEFFREY HARTMAN
10 Delaware Avenue                        10 Delaware Avenue
Buffalo, New York 14202, and              Buffalo, New York 14202,

by depositing a true copy of the same in postpaid properly addressed plain wrapper bearing the legend "personal and confidential", and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, by first class mail, and in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

                                            Stephanie M. Sweeney

Sworn to before me on the 11th day
of September, 2019.

_____
Notary Public

                              **Robin H. Dunalf
                              Notary Public State of New York
                              Qualified In Erie County
                              My Commission Expires _____**   2|11|20

**HoganWillig**
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

{H2386525.1}

1 of 1

FILED: ERIE COUNTY CLERK 09/11/2019 11:11 AM

INDEX NO. 811352/2019

NYSCEF DOC. NO. 10

RECEIVED NYSCEF: 09/11/2019

Affidavit of Service
Blank County                                    225 B

Published by David F. Williamson Co. Inc.
Buffalo, New York

SUPREME Court  COUNTY OF ERIE

JEREMIAH NOLAN, Jr. and SANDRA NOLAN
Individually, and as Husband and Wife
Plaintiff,

AFFIDAVIT OF SERVICE
ON AN INDIVIDUAL
OR CORPORATION

— vs —

COUNTY OF ERIE
ERIE COUNTY SHERIFF'S DEPARTMENT
ET AL
Defendant.

Index NO. 811352/2019

State of New York
County of ERIE  } ss.:

MICHAEL MEADOWS being duly sworn, deposes and says that he is over 18 years of age and not a party to this action; that on the 9th day of SEPTEMBER 2019 at approximately ~~PM~~ 11:25 AM at 10 DELAWARE AVENUE, BUFFALO New York deponent served the annexed Summons Complaint on JEFFREY HARTMAN the defendant named herein, in the following manner: *NOTICE OF E-FILING.

☐ Individual
By delivering to and leaving with said _____ personally a true copy thereof, and that he knew the person so served to be _____ the person mentioned and described in said _____

☐ Corporation
By delivering to and leaving with _____ and he knew the person so served to be _____ of defendant corporation.

☒ Responsible Person
By delivering to and leaving with MICKIE PAWENSKI - ASSISTANT TO THE SHERIFF ) a true copy thereof, a person of suitable age and discretion. Said premises being the defendants (~~dwelling place~~)(~~usual place of abode~~) (place of business) within the State of New York.

☐ Substituted Service
By affixing a true copy thereof to the door of said premises the same being the defendants (dwelling place) (usual place of abode) (place of business) within the State of New York.

☐ Mail
Deponent also served a copy of the _____ by depositing a true copy of the same in a post-paid, properly addressed envelope in an official depository under the exclusive care and custody of the United States post office in the State of New York

☐ Previous Attempt(s)
Deponent had previously attempted to serve the above-named defendant(s) pursuant to CPLR Sec. 308
at ................................ on the .......... day of .................. ...... ...... PM ...... AM
at ................................ on the .......... day of .................. ...... ...... PM ...... AM
at ................................ on the .......... day of .................. ...... ...... PM ...... AM

☒ Description
The person served would be described as approximately 55 years of age 120 lbs. 5 ft. 6 in. ___ male X female BLONDE hair WHITE skin HAZEL eyes other WORE GLASSES

☒ Military
To my best knowledge, information and belief the said defendant at the time of service was not engaged in military service of the United States.

Sworn to before me this 11th day of
SEPTEMBER 2019

_Stephanie M. Sweeney_
Notary Public & Commissioner of Deeds

_michael meadows_

STEPHANIE M. SWEENEY
Notary Public, State of New York
Qualified in Niagara County
Commission Expires 3/22/20  2 of 1

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2019, I mailed the foregoing Notice of Removal, by the United States Postal Service, to the following individuals:

Steven M. Cohen, Esq.
**HOGANWILLIG, PLLC**
*Attorneys for plaintiffs*
2410 North Forest Road, Suite 301
Amherst, New York 14068
Telephone: (716) 636-7600
Email: scohen@hoganwillig.com


Dated:          Buffalo, New York
                September 16, 2019                    **MICHAEL A. SIRAGUSA**
                                                      *Erie County Attorney*

                                                      *s/ Erin E. Molisani*
                                                      Erin E. Molisani
                                                      Assistant County Attorney
                                                      95 Franklin Street, Room 1634
                                                      Buffalo, New York 14202
                                                      Telephone: (716) 858-2216
                                                      Email: Erin.Molisani@erie.gov

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

**19   CV1245**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
JEREMIAH NOLAN, JR. and SANDRA NOLAN, Individually and as husband & wife

**DEFENDANTS**
COUNTY OF ERIE, ERIE COUNTY SHERIFF'S DEPARTMENT, TIMOTHY B. HOWARD, MARK WIPPERMAN, THOMAS DIINA, and JEFFREY HARTMAN

**(b)** County of Residence of First Listed Plaintiff    Erie
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    ERIE
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Steve M. Cohen, Esq. HOGAN WILLIG, PLLC
2410 North Forest Rd., Suite 301
Amherst, NY 14068 / (716) 636-7600

Attorneys *(If Known)*
Erin E. Molisani, ERIE COUNTY ATTORNEY'S OFFICE
95 Franklin St., Rm. 1634
Buffalo, NY 14202 / (716) 858-2216

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question    *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity    *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☒ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 USC Sections 1441 (B) and 1446
Brief description of cause:
14th amendment claim and others following Plaintiff's termination

## VII. REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE        DOCKET NUMBER

DATE   9/16/19
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE