UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEREMIAH NOLAN, JR., and<br>SANDRA NOLAN, Individually and as<br>Husband and Wife,<br><br>      Plaintiffs,<br><br>      v.<br><br>JOHN C. GARCIA, in his official capacity as<br>Sheriff of Erie County, New York,<br><br>      Defendant. | Case No. 1:19-cv-01245 |

**ENTRY ORDER REMANDING CASE TO NEW YORK SUPREME COURT**

Plaintiffs Jeremiah Nolan, Jr., and Sandra Nolan bring this action against Defendant John C. Garcia in his official capacity as Sheriff of Erie County, New York. Plaintiffs are represented by Steven M. Cohen, Esq. Defendant is represented by Erin Elizabeth Molisani, Esq. and Kenneth R. Kirby, Esq.

**I.    Factual and Procedural Background.**

On September 16, 2019, Defendant removed this case from New York Supreme Court, Erie County, based on this court's federal question jurisdiction over Plaintiffs' 42 U.S.C. § 1983 claim. There are no other grounds for subject matter jurisdiction.

On April 24, 2020, the court granted Defendant's motion to dismiss Plaintiffs' § 1983 claim and conditionally granted Plaintiffs leave to amend, allowing them to submit a proposed Amended Complaint, which Defendant opposed as futile. *See* Doc. 8 at 20. On January 6, 2021, the court dismissed Plaintiffs' amended § 1983 claims. *See* Doc. 13 at 18. There are no pending federal claims in this case; the only remaining causes of action are defamation (Count I) and loss of consortium (Count II) under New York law.

On February 17, 2022, Defendant filed a motion for summary judgment on Plaintiffs' remaining claims, which Plaintiffs opposed. On July 1, 2022, the court ordered the parties to show cause why this case should not be remanded to New York Supreme Court. Plaintiffs requested the case be remanded. Defendant asked the court retain jurisdiction for reasons of judicial economy and convenience. Defendant points out that the court issued several discovery orders after the federal claims were dismissed, discovery has ended, and a motion for summary judgment is pending.

## II.   Conclusions of Law and Analysis.

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, a district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction[.]" *Id.* at (c)(3).

"In general, where the federal claims are dismissed *before trial*, the state claims should be dismissed as well." *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 170 (2d Cir. 2014) (emphasis supplied) (quoting *Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998)). "That said, a district court does not abuse its discretion where the 'values of judicial economy, convenience, fairness, and comity' support the exercise [of supplemental jurisdiction]." *Id.* (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

All federal claims were dismissed at the pleading stage. *See Cohill*, 484 U.S. at 350 n.7 ("[I]n the usual case in which all federal-law claims are eliminated *before trial*, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.") (emphasis supplied); *Baylis v. Marriott Corp.*, 843 F.2d 658, 664 (2d Cir. 1988) ("The basis for retaining jurisdiction is weak when, as is the case here, the federal claims are dismissed before trial."). While the

2

parties have subsequently completed discovery and briefed Defendant's motion for summary judgment in federal court, those processes are similar in state court. Remand will therefore not unduly impact the fairness, convenience, or efficiency of further proceedings.

The remaining claims and defenses involve "quintessential areas of state law[,]" including the application of state law privileges, which New York courts are better suited to resolve. *Drake v. Vill. of Lima*, 530 F. Supp. 3d 285, 294-95 (W.D.N.Y. 2021); *see also Sunnen v. New York State Dep't of Health*, 544 F. App'x 15, 17 (2d Cir. 2013) ("In situations where the removed federal claims have been dismissed, we have noted that 'concerns of comity and of federalism encourage remanding to the state courts cases in which state court adjudication can properly claim primacy of interest.'") (alteration adopted) (quoting *Naylor v. Case & McGrath, Inc.*, 585 F.2d 557, 562-63 (2d Cir. 1978)). This is "the usual case" in which exercising supplemental jurisdiction is not warranted in light of the dismissal of all federal claims "before trial[.]" *Cohill*, 484 U.S. at 350 n.7.

"When a district court declines to exercise jurisdiction over state-law claims in a removed case, the Court may either remand or dismiss the state-law claims." *Jackson v. Ramirez*, 2016 WL 796854, at *11 (S.D.N.Y. Feb. 22, 2016) (citation omitted), *aff'd*, 691 F. App'x 45 (2d Cir. 2017). Because Plaintiffs originally filed this case in state court, remand rather than dismissal is appropriate. *See Valencia v. Lee*, 316 F.3d 299, 308 (2d Cir. 2003) ("Because this case was commenced in state court, the district court should remand the action to the state court in which it was originally filed.").

## CONCLUSION

For the foregoing reasons, the court REMANDS this case to New York Supreme Court, Erie County. The Clerk of Court shall close the case.

SO ORDERED.

Dated this 18th day of August, 2022.

Christina Reiss, District Judge
United States District Court